# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LUCIOUS KALIL WOODS,**  Petitioner, | Civil Action No. 7:17cv00358 |
| v. | **MEMORANDUM OPINION** |
| **WARDEN,**  Respondent. | By: Michael F. Urbanski  Chief United States District Judge |

Petitioner Lucious Kalil Woods, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") authority to set a payment schedule for collection of his restitution.[1] Respondent moved for summary judgment and this matter is ripe for disposition. For the reasons stated herein, the court will grant respondent's motion.

## I.

On July 7, 2010, the United States District Court for the Northern District of Ohio convicted Woods of armed bank robbery and using a firearm during and in relation to a crime of violence, and sentenced him to 180 months of incarceration. ECF No. 1-1. The court ordered Woods to pay a $200.00 special assessment fee, "due in full immediately," as well as $5,524.95 in restitution, with "[p]ayment to begin immediately" and "due during imprisonment." ECF No. 1-1, 6. Woods finished paying the $200.00 special assessment fee in full on December 27, 2014. ECF No. 11-3. As of May 9, 2018, Woods had paid $244.95 in restitution, with a balance of $5,280.00. ECF No. 11-4. Woods paid both of these amounts through the Inmate Financial

---

[1] Woods filed this action on July 13, 2017, in the Northern District of Ohio where he was sentenced. However, because he was housed at the United States Penitentiary in Lee County, Virginia at that time, the court transferred the petition to this court. Rumsfield v. Padilla, 542 U.S. 426 (2006) (a prisoner must file a § 2241 habeas petition in the federal district where he is in custody); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

Responsibility Program ("IFRP") before he withdrew from the IFRP in early 2018.[2] ECF No. 11-5.

Woods asserts that by ordering him to pay restitution immediately, without specifying any payment schedule, the district court impermissibly delegated its "statutory duty" to set a payment schedule to the BOP, which "forced" him to participate in the IFRP.[3] As relief, Woods requests a deferral or reduction of restitution. Woods concedes that he did not exhaust administrative remedies prior to filing this action, but argues that doing so would have been futile.

## II.

Section 2241 authorizes the federal court to issue a writ of habeas corpus to federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." Gonzalez-Martinez v. Drew, No. 8:11cv437, 2011 U.S. Dist. LEXIS 151351, at *8 n.1, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)); see also In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). "[A]n

---

[2] The IFRP is a BOP program that enables prisoners to make payments toward court-ordered financial obligations by using their inmate accounts. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). The IFRP is a voluntary program and the BOP cannot compel an inmate to make payments. 28 C.F.R. § 545.11.

[3] To the extent Woods also asserts that the sentencing "court's restitution order requiring payment due immediately was not a valid order in compliance with the Mandatory Victims Restitution Act of 1996, because the order was issued without regard to the inmate's financial circumstances," this claim is a challenge to the legality of the restitution order, which was properly brought in Woods' sentencing district pursuant to 28 U.S.C. § 2255. See Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (distinguishing between a claim that an order for restitution was improper—an attack on the legality of the conviction and brought pursuant to § 2255—from a claim challenging the BOP's improper execution of a restitution order as an improper delegation under United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and appropriately brought under § 2241). Accordingly, any claim challenging the legality of the restitution order is dismissed without prejudice from this action.

inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241." Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

### A.

Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust administrative remedies prior to seeking habeas review under § 2241. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); see also United States v. Mercado, 37 F. App'x 698, 699 (4th Cir. 2002) (upholding dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241); United States v. Odiana, 7 F.3d 227 (4th Cir. 1993) (holding that administrative exhaustion is required prior to filing § 2241). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). In a § 2241 action, exhaustion of administrative remedies is jurisdictional. See, e.g., United States v. Wilson, 503 U.S. 329, 335 (1992); Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010).

Woods concedes that he did not exhaust administrative remedies, but argues that exhaustion would have been futile because of the BOP's IFRP policy. The United States Court of Appeals for the Fourth Circuit has stated that an inmate's failure to exhaust his or her administrative remedies before filing a § 2241 petition "may only be excused upon a showing of cause and prejudice." McClung, 90 F. App'x at 445. Courts in this circuit have excused a § 2241 petitioner's failure to exhaust his administrative remedies on the basis of futility. See, e.g., See Larue v. Adams, Case No. 1:04-0396, 2004 U.S. Dist. LEXIS 31291, at *24-28, 2006

3

WL 1674487, at *8 (S.D. W. Va. 2004) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions). Other courts in the circuit have excused exhaustion when "the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Wright v. Warden, FCI-Cumberland, No. CIV.A. RDB-10-671, 2010 U.S. Dist. LEXIS 28575, at *3, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (citing Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3rd Cir.1988)). However, exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Id. (quoting Rose v. Lundy, 455 U.S. 509, 515-16 (1982)). Conclusory statements that exhaustion would be futile which are not substantiated with some evidence are not enough to evade the exhaustion requirement. Reeder v. Phillips, No. 1:07cv138, 2008 U.S. Dist. LEXIS 46265, at *8-9, 2008 WL 2434003, at *3 (N.D. W. Va. June 12, 2008) (requiring more than a bald assertion of futility); see, e.g., Torres v. Warden FCI-Three Rivers, No. 2:17cv178, 2018 U.S. Dist. LEXIS 100013, at *5, 2018 WL 2976070, at *2 (S.D. Tex. Apr. 17, 2018) (assertion that BOP would not consider placement for longer than six months without evidence was conclusory); Wright v. Warden, FCI-Cumberland, No. CIV.A. RDB-10-671, 2010 U.S. Dist. LEXIS 28575, at *4-5, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (exhaustion can be granted on the basis of futility if the BOP is certain to rule adversely, but an unsupported prediction of failure does not excuse lack of exhaustion) (citing Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev., 907 F.2d 445, 450 (4th Cir. 1990) ("Allowing a petitioner to

avoid the administrative process based on a mere conclusory assertion 'would allow the futility exception to swallow the exhaustion.'")).

Woods' conclusory assertion that the existence of the BOP's IFRP policy makes exhaustion futile fails to allege sufficiently specific reasons for futility. See Reeder, 2008 U.S. Dist. LEXIS 46265, at *8-9, 2008 WL 2434003, at *3. Woods also does not attempt to demonstrate cause and prejudice for excusing his failure to exhaust administrative remedies. See Perkins v. Wilson, No. 2:13cv114, 2014 U.S. Dist. LEXIS 23869, at *17-18, 2014 WL 792039, at *6 (E.D. Va. Feb. 24, 2014) ("[The petitioner] has proffered no evidence in support of his futility claim beyond his conclusory statement. Finally, he has not demonstrated, or attempted to demonstrate, any cause or prejudice to excuse his failure to abide by the Administrative Remedy Program."). Further, although Woods argues the futility of exhaustion because he is challenging a BOP policy—the IFRP—in actuality, Woods' claim is not directed toward the IFRP. Instead, Woods claims that the sentencing court impermissibly delegated its authority to the BOP. He argues that in effect, this impermissible delegation forces him to participate in the IFRP in order to pay his restitution in compliance with the judgment. This claim does not take issue with the IFRP policy, nor does it establish that in administrative review, the BOP would be forced to deny review of his claim pursuant to the IFRP. Finally, even if Woods' claim could be read to challenge the IFRP, the existence of a BOP policy does not de facto make a challenge to the consequence of that policy futile. See, e.g., Crawley v. Butler, Case No. 1:13cv21715, 2014 U.S. Dist. LEXIS 185494, at *10-11, 2014 WL 11299007, at *4 (S.D. W.Va. June 11, 2014) (rejecting the petitioner's argument that exhaustion of administrative remedies would have been futile "because the BOP has predetermined issue in regards to the IFRP").

Based on the foregoing, the court concludes that Woods has not demonstrated grounds to waive the requirement that he exhaust administrative remedies. Accordingly, the court finds that Woods' § 2241 petition is unexhausted and, thus, grants respondent's motion for summary judgment.

**B.**

Even if Woods had exhausted administrative remedies or if the exhaustion requirement should have been waived, however, Woods' claim would nevertheless fail. The Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to set the amount and time of monetary penalty payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). However, "a prisoner's participation in the BOP's IFRP program is [not] an abdication of the court's 'core judicial function,'" where "the sentencing court has already determined the amount and timing of the [restitution]." Summersett v. Baucknecht, 496 F. Supp. 2d 636, 639-40 (D.S.C. 2007); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005); United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008). In such circumstances, "the sentencing court merely permits [the petitioner] to pay his [restitution] . . . through the BOP's financial program." Summerset, 496 F. Supp. 2d at 639.

In this case, the district court ordered that restitution was "due immediately," with payment to "begin during incarceration." When a court orders that payment is due "immediately," the court implicitly sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008) (finding no improper delegation because "the district court did set the amount and timing of the criminal monetary penalties by ordering payment due immediately"). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent

possible, and to begin as soon as possible. Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine")). Because the district court determined the amount and timing of the restitution, it did not abdicate its "core judicial function" or impermissibly delegate any authority to the BOP. See United States v. Watkins, 161 F. App'x 337 (4th Cir. 2006) (IFRP does not constitute an improper delegation of authority by the courts); Martin v. United States, No. 1:03cv213, 2006 U.S. Dist. LEXIS 6136, at *14, 2006 WL 231485, at *5 (N.D. W. Va. Jan. 31, 2006) (finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). Accordingly, Woods' claim is without merit and respondent is entitled to summary judgment.

For the reasons stated herein, the court will grant respondent's motion for summary judgment and dismiss this action.

**ENTER**: This \_6th\_ day of February, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge